JUSTICE COTTER
concurs.
¶124 The Dissent, which stands for the proposition that there is no expectation of privacy in a commercial transaction where a product is sold to a non-confidant (Dissent, ¶ 94), has surface appeal on a first read. However, in my judgment, the analysis is problematic, wherever on the spectrum of application it might fall.
¶125 While the Dissent complains that the Court’s decision is unnecessarily broad and sweeping, so too is its own reach. If the Dissent’s rationale is intended to apply equally to the criminal and the *468 law-abiding alike-which I submit, it must-then it stands for the proposition that virtually any commercial transaction may be surreptitiously recorded without a warrant and with only one party’s consent, with the resulting recording being admissible in evidence against the speaker. It would, in essence, gut any expectation of privacy one might reasonably have in his commercial conversation, regardless of the lawfulness of the transaction. If, on the other hand, the analysis is intended to apply to only those transactions that are criminal in nature, as is repeatedly suggested throughout the Dissent (i.e., Dissent, ¶ 109, addressing the impact of such monitoring upon “people commercially marketing illegal drugs to the public ... in a highly risky venture”; Dissent, ¶ 114, the Declaration of Rights was not intended “to be applied to such risky non-private behavior,” etc.), then it runs afoul of our duty to treat all persons the same before the law, without distinction for criminal/non-criminal behavior. See Opinion, ¶ 32. Respectfully, either result is unacceptable.
¶126 It bears repeating that the Court is not imposing an outright ban on electronic monitoring of conversations with the consent of only one participant. All we are saying is that there should be sufficient probable cause that a criminal enterprise is about to occur to support the issuance of a warrant allowing such monitoring. In my view, this is a far preferable alternative than an expansive rule which would permit the introduction into evidence of surreptitious non-consensual recordings conducted in virtually any and every commercial setting. I therefore concur.
JUSTICE NELSON joins in the Concurrence of JUSTICE COTTER.